J-S02041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARON SMALL | : | |
| | : | |
| Appellant | : | No. 1593 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001790-2019

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 28, 2024**

Appellant Taron Small appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant was convicted of first-degree murder and multiple weapons offenses. Appellant claims the evidence was insufficient to support his convictions as the prosecution did not prove he was the perpetrator of the shooting at issue.

On August 22, 2018, Appellant was charged with murder, criminal conspiracy, possession of an instrument of crime (PIC), firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of firearms by a minor in connection with the August 13, 2018 shooting death of eighteen-year-old Kristian Marche ("the victim").

---

[*] Former Justice specially assigned to the Superior Court.

After Appellant waived his right to a jury trial, he proceeded to a bench trial which was held on February 9, 2023. The parties stipulated that on the evening of August 13, 2018, at approximately 9:30 p.m., the victim was shot in the rear alley of 1800 E. Pastorious Street in Philadelphia. Notes of Testimony (N.T.), 2/9/23, at 11, 19.

The victim was rushed to Albert Einstein Medical Center, where he later died the following day. N.T. at 10. After an autopsy, the medical examiner determined the victim's cause of death was the gunshot wound he sustained to the back of the head. N.T. at 10. As such, the medical examiner ruled the manner of the victim's death to be homicide. N.T. at 10.

Officers recovered one 9 mm fired cartridge casing on the street after a thorough search of the crime scene. N.T. at 11. Philadelphia Police Detective Thorsten Lucke, the prosecution's expert in video recovery and analysis, processed and analyzed footage that officers obtained from four locations near the crime scene. N.T. at 16-17. The footage showed three individuals walking in the alley at the time of the shooting. N.T. at 20-24. Camera footage showed a third individual "manipulating … some dark object with both hands that he then sticks in his front waistband." N.T. at 21. The footage records the same individual walking up behind the victim, pulling a gun from his waistband, and shooting the unsuspecting victim in the back of the head. N.T. at 16-24.

The prosecution also offered the testimony of B.V., who admitted that he was with Appellant on Pastorius Street on the night of the shooting. N.T. at 32. B.V. indicated that he was fifteen at the time of the shooting and had

grown up with the victim. N.T. at 28. B.V. recalled that on the night of the murder, he had an argument with the victim as the victim had accused B.V. of stealing his firearm. N.T. at 30. B.V. and the victim arranged to settle the dispute with a fistfight. N.T. at 32, 34-37. B.V. indicated that Appellant gave him a "pep talk" and told him not to lose the fight. N.T. at 37.

B.V. testified that he and the victim subsequently walked down the street with Appellant following behind them. N.T. at 37-40. B.V. claimed that Appellant left him with the victim as Appellant had to go urinate. N.T. at 40. When B.V. and the victim reached the alley, B.V. heard a gunshot and ran from the scene without seeing who fired the shot. N.T. at 41-42. B.V. denied shooting the victim. N.T. at 42. In addition, B.V. did not believe that Appellant was in possession of a firearm that evening. N.T. at 37.

When the prosecution presented the surveillance video footage to B.V., B.V. claimed he had never before seen that footage. N.T. at 50-51. While B.V. recognized the location of the footage as Pastorius Street, B.V. claimed he could not recognize anyone in the videos. N.T. at 50-53.

The parties stipulated that Appellant was sixteen years old at the time of the shooting, was ineligible to obtain a license to possess a firearm as a minor, and did not possess a valid license to carry a firearm in Pennsylvania at the time of the shooting. N.T. at 12. The defense presented a character witness who testified that Appellant had a reputation for being peaceful and non-violent. N.T. at 73-74.

At the conclusion of the trial, the trial court convicted Appellant of first-degree murder, PIC, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of firearms by a minor. The trial court found Appellant was not guilty on the conspiracy charge. On June 1, 2023, the trial court sentenced Appellant to an aggregate term of forty-five years' to life imprisonment.

Appellant filed a timely notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review on appeal:

> Whether the evidence was insufficient to convict Appellant of all charges where the Commonwealth failed to prove beyond a reasonable doubt that Appellant was identified by any witness(es) along with any other direct or circumstantial evidence at trial was the same person on the video who killed the decedent [sic]?

Appellant's Brief, at 4.

In reviewing a sufficiency challenge, we are guided by the following standard of review:

> A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Papp*, 305 A.3d 62, 81 (Pa.Super. 2023) (citation omitted).

Appellant asserts that the Commonwealth failed to prove beyond a reasonable doubt that he was the perpetrator of the shooting that caused the victim's death. Specifically, Appellant asserts that the prosecution's witness, B.V., did not see who shot the victim and testified that Appellant had walked away from the scene before the shooting occurred. Further, Appellant emphasizes that video surveillance footage does not allow for Appellant to be identified as the shooter.

Nevertheless, we conclude there was sufficient evidence to allow the trial court, as factfinder, to determine Appellant was in fact the shooter. B.V. admitted that he and Appellant were with the victim at the crime scene just moments before the shooting occurred. B.V. admitted he had an argument with the victim right before the shooting and had agreed to fight the victim. Appellant had insisted B.V. to win the fight. While B.V. indicated he thought Appellant walked away from the scene to urinate, the victim was shot in the back of the head just moments later.

The video surveillance footage corroborates B.V.'s account and shows there were only three individuals walking in the alley when the victim was shot. The recording shows the third individual pull back from the other two men to cock a gun before catching up to the victim and shooting him in the back of the head. Although B.V. did not see who shot the victim, circumstantial evidence shows that Appellant was the only other individual in the alley

standing behind the victim and in a position to shoot the victim in the back of the head.

For the foregoing reasons, we conclude that the trial court properly found that there was sufficient evidence to convict Appellant of first-degree murder, PIC, and the related firearms offenses.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/28/2024